

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00147-CR

**GUILLERMO SANTILLAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D38068-CR

## MEMORANDUM OPINION

Appellant, Guillermo Santillan Jr., entered an open plea of guilty to the offense of manufacture or delivery of a controlled substance in an amount greater than or equal to 200 grams but less than 400 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(e) (West 2017). The trial court accepted appellant's guilty plea, found him guilty, and assessed punishment at twelve years' imprisonment. Sentence was imposed on March 22, 2019. No motion for new trial was filed. Because no motion for new trial was filed,

appellant was required to file his notice of appeal from the trial court's judgment within thirty days after the day sentence was imposed in open court. *See* TEX. R. APP. P. 26.2(a)(1). Thirty days from March 22, 2019 was April 21, 2019, which was a Sunday. Pursuant to Texas Rule of Appellate Procedure 4.1, the timetable for filing appellant's notice of appeal extended to the "end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* at R. 4.1. As such, appellant's notice of appeal was due on the next day that was not a Saturday, Sunday, or legal holiday—Monday, April 22, 2019. *See id.* Appellant's notice of appeal was not filed until the following day—April 23, 2019.

An appellant must timely perfect an appeal to invoke this Court's jurisdiction. "If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances[,] it can take no action other than to dismiss the appeal." *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (citing *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)).

Because appellant did not timely file his notice of appeal in this matter, we hereby dismiss this appeal.[1] *See Slaton*, 981 S.W.2d at 210; *see also Olivo*, 918 S.W.2d at 523.

---

[1] We note that appellate courts may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion for extension of time to file a notice of appeal. TEX. R. APP. P. 26.3. Appellant has not filed a motion for extension of time to file his notice of appeal in this case. Therefore, we cannot apply Rule 26.3 to extend the filing deadline for appellant's notice of appeal. *See id.*; *see also Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeal lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction.").

JOHN E. NEILL
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Appeal dismissed
Opinion delivered and filed July 10, 2019
Do not publish
[CR25]

